UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE A. SERPA,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN DOE #1,<br><br>            Defendant. | Case No. 1:24-cv-01542-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR PLAINTIFF'S FALURE TO IDENTIFY AND SERVE JOHN DOE DEFENDANT, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>AND<br><br>ORDER ASSIGNING A DISTRICT JUDGE<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAY DEADLINE |

Plaintiff Jesse Serpa ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims for sexual assault in violation of the Eighth Amendment and an unreasonable search in violation of the Fourth Amendment against the unknown defendant ("John Doe #1").

The time to substitute John Doe #1 with a named defendant and serve him in this case has passed. Although the Court attempted to identify defendant John Doe through the CDCR's e-service program, and gave Plaintiff several opportunities to subpoena additional information to identify him, Plaintiff has not done so.

1

Accordingly, the Court recommends that this case be dismissed without prejudice for Plaintiff's failure to identify and serve John Doe Defendant, failure to prosecute, and failure to obey a court order.

The Court will also order that a district judge be assigned to this case.

## I. PROCEDURAL HISTORY

On January 17, 2025, the Court issued a screening order, finding that Plaintiff's Eighth Amendment claim for sexual assault and Fourth Amendment unreasonable search claim against unidentified Defendant John Doe #1, an S/E officer working in Level 2 4B at Corcoran State Prison on June 4, 2024, should proceed past screening. (ECF No. 9).

That same day, the Court issued an order authorizing service on John Doe #1 through E-Service pilot program for civil rights cases for the Eastern District of California by sending the documents to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office. (ECF No. 10). On February 24, 2025, CDCR filed notice that they do not intend to waive service because they were unable to identify the defendant. (ECF No. 12). The next month, on March 18, 2025, the summons sent to the United States Marshals for service was returned unexecuted, because more information was needed to identify John Doe defendant. (ECF No. 13).

On March 21, 2025, the Court then issued an order authorizing issuance of subpoena *duces tecum* and directing clerk to send plaintiff a copy of form AO 88B and Form USM-285. (ECF No. 14). This order advised Plaintiff that Doe defendant cannot be served until Plaintiff has identified him and amended Plaintiff's complaint to substitute a named defendant in place of the Doe defendant. (*Id.* at 1-2.) The order also gave Plaintiff specific instructions as to how to complete and submit those forms in order to obtain documents to identify John Doe. The order gave Plaintiff 120 days (i.e., until July 21, 2025) to file a motion to substitute a named defendant in place of John Doe. (ECF No. 14, at p. 3) ("Plaintiff has 120 days from the date of service of this order to file a motion to substitute a named defendant in place of John Doe #1. Failure to file a motion to substitute by this deadline may result in the dismissal of the unidentified defendants.").

Instead of returning the subpoena forms as instructed, on April 14, 2025, Plaintiff filed a

motion to compel pursuant to Rule 37, Rule 34, Rule 26.  (ECF No. 15).  Plaintiff's motion asked for an order "compelling CDCR, California Department of Corrections and Rehabilitation, to produce their own current employee's first and last name and badge number in order to move forward with this case."  (ECF No. 15, at p. 1).

On May 8, 2025, the Court issued an order denying that motion to compel and extending the deadline for issuance of subpoena duces tecum.  (ECF No. 16).  The Court explained that it cannot compel CDCR, who is a third party, to produce documents until Plaintiff has served a subpoena on CDCR requesting those documents.  The Court then reiterated its instructions as to how to obtain documents from CDCR regarding the identity of a Doe Defendant by serving a subpoena.  The Court gave Plaintiff another thirty days to fill out the subpoenas and return them to the Court, and also reminded Plaintiff of the deadline of July 21, 21025 to substitute a named defendant in place of John Doe #1, warning that a failure to do so would result in dismissal of the case. [1]  (ECF No. 16, at p. 2).

To date, Plaintiff has still not completed either the AO 88B or Form USM-28 and the time to do so has expired.  Plaintiff has also not identified defendant John Doe #1 or provided information needed to substitute and serve that person.

## II.    DISCUSSION

### A.  Legal Standards

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the United States Marshal ("the Marshal"), upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "'[A] pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his

---

[1] That order also directed the Clerk of Court to Send Plaintiff a New Copy of Form AO 88B and Form USM-28. (ECF No. 16).

3

action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties[.]" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

### B. Failure to Identify and Serve John Doe #1

This case has been pending since December 2024. As described above, despite discovery being opened on the issue of the identity of John Doe and Plaintiff being given nearly five months to file a motion to substitute, Plaintiff failed to identify John Doe. Plaintiff has also not submitted the necessary forms to subpoena information from CDCR to help determine the identity of John Doe. Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on John Doe, and has failed to serve John Doe within the time period required by Federal Rule of Civil Procedure 4(m).

Accordingly, the Court will recommend that this case be dismissed without prejudice due to Plaintiff's failure to identify and serve Defendant John Doe #1.

### C. Failure to Prosecute and Comply with a Court Order

Failure to prosecute and failure to comply with a court order may be grounds for dismissal. "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to

4

determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Pagtalunan*, 291 at 639. Plaintiff failed to file a motion to substitute, and this case cannot proceed until he does. Plaintiff also has not submitted the forms needed to subpoena documents from CDCR regarding the identity of John Doe. This failure is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use. And, in light of the status of the case and Plaintiff's failure to identify John Doe #1 for service, the preclusion of evidence or witnesses is not available.

The Court will recommend dismissal of this case without prejudice. Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal of this case without prejudice is appropriate.

**IV.    CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court **HEREBY RECOMMENDS** as follows:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to identify and serve John Doe Defendant, failure to comply with a court order, and failure to

5

prosecute this case; and

2. The Clerk of Court be directed to close this case.

Additionally, the Court **ORDERS** the Clerk of Court to assign a District Judge to this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 18, 2025**           /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE