UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE A. SERPA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MARTINEZ,<br><br>                    Defendant. | Case No. 1:24-cv-01542-KES-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE DEFENDANT, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>RESPONSE, IF ANY, DUE WITHIN THIRTY (30) DAY DEADLINE |

Plaintiff Jesse Serpa ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's claims for sexual assault in violation of the Eighth Amendment and an unreasonable search in violation of the Fourth Amendment against the Defendant Martinez.

The Court has attempted to serve Defendant Martinez through the California Department of Corrections and Rehabilitation ("CDCR").  However, CDCR has been unable to locate Defendant Martinez based on the information provided.

Accordingly, the Court orders Plaintiff to show cause as to why this case should not be dismissed without prejudice for failure to serve Defendant Martinez, failure to comply with a Court order, and failure to prosecute.

\\\

\\\

1

## I.     PROCEDURAL HISTORY

On January 17, 2025, the Court issued a screening order, finding that Plaintiff's Eighth Amendment claim for sexual assault and Fourth Amendment unreasonable search claim against unidentified Defendant John Doe #1, an S/E officer working in Level 2 4B at Corcoran State Prison on June 4, 2024, should proceed past screening.  (ECF No. 9).

That same day, the Court issued an order authorizing service on John Doe #1 through E-Service pilot program for civil rights cases for the Eastern District of California by sending the documents to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office.  (ECF No. 10).  On February 24, 2025, CDCR filed notice that they do not intend to waive service because they were unable to identify the defendant.  (ECF No. 12).  The next month, on March 18, 2025, the summons sent to the United States Marshals for service was returned unexecuted, because more information was needed to identify John Doe defendant.  (ECF No. 13).

On March 21, 2025, the Court then issued an order authorizing issuance of subpoena *duces tecum* and directing clerk to send plaintiff a copy of form AO 88B and Form USM-285. (ECF No. 14).  This order advised Plaintiff that Doe defendant cannot be served until Plaintiff has identified him and amended Plaintiff's complaint to substitute a named defendant in place of the Doe defendant.  (*Id.* at 1-2.) The order also gave Plaintiff specific instructions as to how to complete and submit those forms in order to obtain documents to identify John Doe.  The order gave Plaintiff 120 days (i.e., until July 21, 2025) to file a motion to substitute a named defendant in place of John Doe.  (ECF No. 14, at p. 3) ("Plaintiff has 120 days from the date of service of this order to file a motion to substitute a named defendant in place of John Doe #1. Failure to file a motion to substitute by this deadline may result in the dismissal of the unidentified defendants.").

Instead of returning the subpoena forms as instructed, on April 14, 2025, Plaintiff filed a motion to compel pursuant to Rule 37, Rule 34, Rule 26.  (ECF No. 15).  Plaintiff's motion asked for an order "compelling CDCR, California Department of Corrections and Rehabilitation, to produce their own current employee's first and last name and badge number in order to move forward with this case."  (ECF No. 15, at p. 1).

On May 8, 2025, the Court issued an order denying that motion to compel and extending the deadline for issuance of subpoena duces tecum. (ECF No. 16). The Court explained that it cannot compel CDCR, who is a third party, to produce documents until Plaintiff has served a subpoena on CDCR requesting those documents. The Court then reiterated its instructions as to how to obtain documents from CDCR regarding the identity of a Doe Defendant by serving a subpoena. The Court gave Plaintiff another thirty days to fill out the subpoenas and return them to the Court, and also reminded Plaintiff of the deadline of July 21, 21025 to substitute a named defendant in place of John Doe #1, warning that a failure to do so would result in dismissal of the case.[1] (ECF No. 16, at p. 2).

On August 18, 2025, after Plaintiff failed to complete either the AO 88B or Form USM-28 and the time to do so expired, the Court issued a findings and recommendation recommending that the case be dismissed for failure to identify and serve John Doe Defendant. (ECF No. 18). On September 22, 2025, Plaintiff filed objections to those findings and recommendation. (ECF No. 19). In those objections, Plaintiff named correctional officer Martinez as the unknown Defendant. Plaintiff stated

> [H]e is correctional officer Martinez, employed by CDCR and assigned to Corcoran State Prison, Corcoran, California, in the level II ward on Yard 4B, 1L. That is the level II ward called 4B. And the building 1, and on the left side of the building known as L. So it is correctional officer Martinez, Corcoran State Prison, 4B1L.

(*Id.* at 1-2). On October 6, 2025, the Court vacated its finding and recommendations and issued an order directing Clerk of the Court to

> [S]ubstitute "Defendant Correctional Officer Martinez" in Place of "John Doe #1 S/E Officer at Corcoran State Prison, working on June 4, 2024, between 5:00 and 7:00 pm, on Level 2 4B." The Court will soon issue an order attempting to serve Defendant Martinez through the Court's E-Service pilot program for civil rights cases. However, if Defendant Martinez is unable to be located and served, the case will be dismissed without prejudice.

(ECF No. 21).

On November 14, 2025, CDCR submitted a request for an extension of time to file the CDCR Notice of E-Service Waiver by CDCR because CDCR was having difficulty locating Defendant Martinez with the information provided. (ECF No. 23). The Court granted the request

---

[1] That order also directed the Clerk of Court to Send Plaintiff a New Copy of Form AO 88B and Form USM-28. (ECF No. 16).

on November 17, 2025. (ECF No. 24).

On January 20, 2026, the summons were returned unexecuted for Defendant Martinez. (ECF No. 26). The United States Marshal Service indicated it was unable to locate Defendant Martinez based on the information provided. (*Id.)*.

## II.   DISCUSSION

### A.  Legal Standards

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the United States Marshal ("the Marshal"), upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "'[A] pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties[.]" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

### B.  Failure to Serve Defendant Martinez

This case has been pending since December 2024.  The United States Marshals service has attempted to serve Defendant, but has been unable to locate that person based on the information provided.  Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Martinez and has failed to serve Defendant Martinez within the time period required by Federal Rule of Civil Procedure 4(m).

### C.  Failure to Prosecute and Comply with a Court Order

Failure to prosecute and failure to comply with a court order may be grounds for dismissal.  "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Pagtalunan*, 291 at 639. While Plaintiff named a Defendant for the action to proceed against, he failed to provide sufficient and accurate information for the Marshal service to effectuate service on the named Defendant. This failure is delaying the case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish,* 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use.  And, in light of the status of the case and Plaintiff's failure to serve Defendant Martinez for service, the preclusion of evidence or

witnesses is not available.

The Court will recommend dismissal of this case without prejudice.  Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

**III.**   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this case should not be dismissed, without prejudice, because of Plaintiff's failure to timely serve Defendant, failure to comply with a court order, and failure to prosecute this case.

IT IS SO ORDERED.

Dated:   **January 22, 2026**          /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE